IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS  CRIMINAL NO. 1:08cr130WJG-RHW-2
CIVIL ACTION NO 1:11cv388WJG

BARRON LECOUR BORDEN
 a/k/a Bam

O R D E R

THIS CAUSE comes before the Court on the motion [231] filed by Defendant Barron LeCour Borden to vacate his conviction pursuant to 28 U.S.C. § 2255. Also pending before the Court is Borden's Motion for Evidentiary Hearing [232] on this matter. After due consideration of the record in this cause, the Court finds as follows:

Borden filed his motion to vacate claiming he was not properly presented before a judicial officer or magistrate judge, and he that received ineffective assistance of counsel. (Ct. R., Doc. 231.) Borden filed the motion for evidentiary hearing asserting that the facts were not fully established at trial. (Ct. R., Doc. 232.)

Borden asserts that his Fourth and Fourteenth Amendment rights were violated when he was not promptly presented in front of a judicial officer or magistrate judge for a judicial hearing to determine if detention is justified. (Ct. R., Doc. 231, p. 4.) He said that the violation started when the state unlawfully detained him, and "anything that follows is illegal." (*Id*.) Borden contends that physical evidence, led to by a co-defendant on October 11, 2008, should have been

suppressed because he was not promptly brought before a judicial magistrate judge. (*Id.*, p. 5). At the time of his arrest, Borden was being investigated for possible violations of both state and federal laws. It is unclear, therefore, whether his presentment claim is referring to a state judicial officer or federal magistrate judge. Nevertheless, the evidence, which was collected three days after the arrest, two days before the initial state appearance, and three days before the federal detention hearing, was used to convict Borden in federal court. (*Id.*) Borden argues that had he promptly received a probable cause hearing instead of being detained, he would have been properly advised. (*Id.*)

Borden also asserts that his Sixth Amendment right to effective counsel was violated. (Ct. R., Doc. 231, p. 7.) Borden claims that his attorney, Doyle Coats, did not file a Fourth Amendment Motion to Suppress, and as a result, "tainted evidence" was admitted and led to his conviction. (*Id.*) Borden also states that the "only objection defense and defense co-counsel had sustained was made by Coats to a reversible error." (*Id.*)

## Discussion

Again, it is unclear whether Borden believes he was not promptly brought before a state or federal judicial officer. To proceed with the utmost caution, the Court will address both instances. A person in custody pursuant to a judgment of a state court who advances claims that he was held by state authorities in violation of the Constitution, laws or treaties of the United States uses the vehicle of 28 U.S.C. § 2254 (2006) to pursue a remedy. When a person is in custody pursuant to a federal court judgment, the following applies:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

move the court which imposed the sentence to vacate, set aside or correct the sentence.

(*Id.* § 2255(a).)

Borden's claim, pursuant to MISSISSIPPI CODE ANNOTATED § 99-3-17, that he was not promptly brought before a state judicial officer, should be brought under section 2254. (Ct. R., Doc. 231, p. 4.) As this claim is not cognizable under section 2255, the Court finds that Borden's claim in this regard should be dismissed without prejudice. The Court will, however, address Borden's claim that he was not promptly presented before a federal magistrate judge. (*Id.*) The Court will also address Borden's claim that certain evidence found during his unlawful detention should have been suppressed, and his assertion that he received ineffective assistance of counsel. (Ct. R., Doc. 231, p. 5-7.)

I.

Borden asserts that failure to promptly present an arrested individual before a magistrate judge violates his Fourth and Fourteenth Amendment rights. (Ct. R., Doc. 231, p. 4.) According to Rule 5 of THE FEDERAL RULES OF CRIMINAL PROCEDURE , [Rule 5] "A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise." (FED. R. CRIM. P. 5.) Until a person is arrested or detained for a federal crime, however, there is no duty, obligation, or reason to bring him before a judicial officer "empowered to commit persons charged with offenses against the laws of the United States," and therefore, no "delay" under 18 U.S.C. § 3501(c) (2006) or Rule 5 can occur. (*United States v. Alvarez-Sanchez*, 511 U.S. 350, 357-8 (1994); *see also United States v. Romano*, 482 F.2d 1183, 1190 (5th Cir. 1973), *cert. denied*, 414 U.S. 1129 (1974).) The Federal Bureau of

Investigation [FBI] agents informed Borden before they questioned him that he was not under arrest, but he was simply being detained for questioning. (Ct. R., Doc. 82, Exh. C-Exh. D.) Borden agreed to answer the questions, and never asked for an attorney or for questioning to cease. (*Id.*)

The purpose of Rule 5 of the is to avoid all of the implications associated with interrogations that are conducted secretly. (*Corley v. United States*, 556 U.S. 303, 308 (2009) (*citing McNabb v. United States*, 318 U.S. 332, 343 (1943)).) This rule naturally guards against the misuse of law enforcement processes in a society that grants rights to all men, whether free or otherwise. (*Id.*) Therefore, unlawful detention results when there is unreasonable or unnecessary delay in bringing a prisoner before the judicial officer. (*Anderson v. Nosser*, 438 F.2d 183, 196 (5th Cir. 1971).) To determine whether a delay is unreasonable or unnecessary, a court considers several factors, including, "the availability of a committing magistrate, the length of the delay before the prisoner is taken before the magistrate, and the police purpose or justification, if any, for the delay." (*United States v. Mendoza*, 473 F.2d 697, 702 (5th Cir. 1973) (*quotation omitted*); *see United States v. Brown*, 459 F.2d 319, 324 (5th Cir. 1971), *cert. denied* 409 U.S. 1119 (1972).) Weekend delays are reasonable when due to the unavailability of a magistrate judge. (*See Mendoza*, 473 F.2d at 702.)

For Rule 5 to take effect, the detention must be by federal officers. (*Barnett v. United States*, 384 F.2d 848, 857 (5th Cir. 1967) (*citing White v. United States*, 200 F.2d 509, 513 (5th Cir. 1952).) Subjects held in state custody may be properly interrogated by federal agents even though the subjects "are not first taken before a federal commissioner in compliance with Rule 5(a) (or before a state magistrate, even when required by state law)." (*Id.*) The period to

determine a delay begins once state authorities relinquish custody to federal agents and at the time the federal agents make their arrest on federal charges. (*Id.*)

Additionally, the United States Supreme Court held that under 18 U.S.C. § 3501 (2006) and its prior case law, any statement made by a defendant prior to presentment but over six hours after arrest would be suppressed if the delay was unreasonable or unnecessary. (*Corley v. United States*, 556 U.S. 303, 323 (2009) (*citing McNabb v. United States*, 318 U.S. 332, 332 (1943), and *Mallory v. United States*, 354 U.S. 449, 455 (1957)).) The burden of establishing a Rule 5 violation belongs to the defendant. (*United States v. Brown*, 459 F.2d 319, 324 (5th Cir. 1971).) In addition, the following applies: "[w]here . . . the period of state custody precedes a federal arrest, the claim of unnecessary delay is tested from the beginning of federal detention, unless collusion between state and federal authorities is shown." (*Lovelace v. United States*, 357 F.2d 306 (5th Cir. 1966). ) There is simply no evidence in the record of this case that the defendants were held by the state authorities in collusion with federal authorities to allow interrogation outside of compliance with Rule 5, or section 3501(c). Officers with the Jackson County Sheriff's Department were investigating possible murder charges against Eddie Pugh, Torenda Whitmore, and Borden, following investigation of an incident which left Byron Kelsey McCoy dead, and Rahman Mogilles injured from a gunshot wound. (Ct. R., Doc. 1; Doc. 186, p. 6.) Borden was detained by state authorities for questioning on October 8, 2008, and later transported to the Jackson County Adult Detention Center [JCADC]. (Ct. R., Doc. 63, p. 5.) An interview conducted by Jerome Lorrain, special agent for the FBI, with Pugh elicited the following information. Mogilles and McCoy were bound with telephone cord, taken from Pugh's home in New Orleans, and placed in the back seat of the Toyota Sequoia owned by Rahman Mogilles. (*Id.*, pp. 8, 10.) Pugh drove the Sequoia with Borden, McCoy and Mogilles

as passengers. (Ct. R., Doc. 1, p. 1; Ct. R., Doc. 186, pp. 223, 228-33, 237-39.) Pugh stated that Borden drove to Pugh's New Orleans residence in a silver Scion, which Whitmore drove into Mississippi, following Pugh and Borden in the Sequoia. (Ct. R., Doc. 1, p. 9.) The burnt Sequoia containing McCoy's body was found by state authorities after they received calls about shots being fired on Larue Road. (Ct. R., Doc. 1, p. 12.)

A search warrant was issued for Pugh's residence and pieces of broken telephone cord were found in the kitchen. (Ct. R., Doc. 187, pp. 5-6, 8-15.) On October 11, 2008, a search of the wooded area off Larue Road was conducted in an attempt to find the weapon used in the kidnaping, the murder of McCoy and the wounding of Mogilles. (*Id.*, p. 13.) A handgun was located, along with a set of keys from the Sequoia and two cellular telephones. (*Id.*, pp. 13-14, 20-22.) Following this investigation, an application was made to the United States Magistrate Judge for the arrest of the Defendants for a violation of 18 U.S.C. § 1201(a) (1), kidnaping. (*Id.*, p. 14.)

Borden was in custody for six days before his initial appearance before a federal magistrate judge on October 14, 2008. (Ct. R.) Several factors led to the delay of Borden's presentation before a magistrate judge. These include the time of his apprehension late in the afternoon of October 8, 2008; his gunshot wound and subsequent treatment at Singing River Hospital in Pascagoula, Mississippi; investigation of separate charges by federal and state authorities which included the need for gathering and processing of evidence in the FBI lab; obtaining search warrants; treatment of the victim, Mogilles, in the hospital and his admitted lies about the circumstances surrounding the crime; and the interference of a federal holiday, Columbus Day, October 13, 2008. (Ct. R., Doc. 186, pp. 34, 63-80, 88, 90, 140-41 and Doc. 197, pp. 33, 85-6; Exhs. G-88-C; G-31 .) Borden was detained for questioning on October 8,

2008, and was held in state custody throughout the weekend. (Ct. R., Doc. 231, p. 4.) A federal magistrate judge was not available on Columbus Day. According to the court record, Borden was arrested and charged with a federal crime on October 14, 2008, and he was brought before a federal magistrate judge on that day. (Ct. R.) Until that time, Borden was in custody solely on state charges. (Ct. R., Doc. 231, p. 4.) Furthermore, even though the statements and evidence applicable to this case were made by Borden well beyond six hours following his arrest on state charges, the Court finds that the delay was reasonable for the same reasons indicated above. (Ct. R., Doc. 231, p. 5.) All of these factors show that Borden's delay in being presented before a federal magistrate judge was the result of extenuating circumstances, and the Court finds that the delay was therefore reasonable and necessary.

II.

Borden also asserts that physical evidence discovered on October 11, 2008, should have been suppressed because he was "not brought in front of a judicial magistrate in a timely manner." (Ct. R., Doc. 231, p. 5.) The Court has already determined that Borden's delay was reasonable and he was therefore not unlawfully detained. There is no need to readdress it here. The evidence Borden refers to was found on October 11, 2008, in the wooded area off of Larue Road in Latimer, Mississippi, as federal agents looked for the weapon used in the kidnaping, murder and shooting. (Ct. R., Doc. 1, p. 13.) They found a Motorola i930, a Motorola i870, car keys that were identified as the keys to the Toyota Sequoia, and an SIG Sauer .40 caliber semi-automatic handgun, serial number AF10636. (Ct. R., Doc. 1, p. 13-14.) When the agents asked Borden's co-defendant (Pugh) if the weapon found was the weapon used, he replied, "That's it." The law is well settled that objects "such as weapons or contraband found in a public place may be seized by the police without a warrant." (*Payton v. New York*, 445 U.S. 573, 587 (1980).)

When property is seized in plain view, there is no invasion of privacy and it is presumed to be reasonable to seize it, if there was probable cause to associate the property with criminal activity. (*Id.*) Objects are subject to seizure and can be introduced in evidence when they are in plain view of an "officer who has a right to be in the position to have that view". (*Harris v. United States*, 390 U.S. 234, 236 (1968) (*per curiam*).) Here, the federal agents had a right to be in the wooded area because it was a public place. As a result, anything in plain view of the officers was subject to being picked up and introduced into evidence. Probable cause existed to associate the property found with the shooting, murder and kidnaping because the officers had been looking for a weapon when they started the search, the officers knew they were near if not in the area where Pugh and Borden were apprehended, and Pugh identified the property found as the property used for the shooting, murder and kidnaping. (Ct. R., Doc. 1, p. 13-15.) Therefore, even though Coats did not file a motion to suppress the physical evidence found on October 11, 2008, the Court will assume that he knew a motion to suppress would have been fruitless and it was therefore unnecessary to file. Because Borden's delay period began on the day he was arrested by federal agents and was presented in front of a federal magistrate judge, he was not unlawfully detained and the physical evidence gathered by FBI agents on October 11, 2008, was properly presented at trial.

III.

Borden maintains that if he and his co-defendant were given a probable cause hearing, his co-defendant would have been properly advised. (Ct. R., Doc. 231, p. 5.) A probable cause hearing, or *Gerstein* hearing, is a "judicially created proceeding for reviewing the police determination that probable cause exists to detain an arrestee." (*Gerstein v. Pugh*, 420 U.S. 103, 113-14 (1975).) A person suspected of a crime can be legally arrested and briefly detained when

the arresting officer's on-the-scene assessment established probable cause. (*Gerstein*, 420 U.S. at 114.) Only a brief period of detention is allowed to precede the probable cause hearing. (*Id.*) Judicial determinations of probable cause that occur within 48 hours of a warrantless arrest will usually be deemed reasonable and satisfy the prompt requirement. (*Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012).) If more than 48 hours elapse, an unreasonable delay can still occur when ill will exists or the time is used to gather additional evidence to justify the arrest. (*Brown*, 675 F.3d at 479.) The single issue at a probable cause hearing is to determine whether "a prudent person would believe that the suspect committed an offense." (*Gerstein*, 420 U.S. at 120-1.) A non-adversary proceeding based on hearsay and written testimony is enough to satisfy the probable cause standard. (*Id.*) The hearing does not, therefore, require the presence of counsel or the suspect. (*Gerstein*, 420 U.S. at 121-2.) "Probable cause exists when the facts available at the time of the arrest would support a reasonable person's belief that an offense has been . . . committed and that the individual arrested is the guilty party." (*Brown*, 675 F.3d at 480-1 (*quoting United States v. Hearn*, 563 F.3d 95, 103 (5th Cir. 2009).)

      Borden stated that he wanted a probable cause hearing for his co-defendant and himself so they would be properly advised. The hearing is not meant to properly advise defendants, as Borden believes. It is meant to determine if enough probable cause exists to arrest and detain suspected individuals. Furthermore, neither counsel nor the suspect are required to be at the hearing, so the hearing could have been held and Borden still not presented in front of a judicial officer or magistrate judge. The Court has determined that the delay in presentment to the federal magistrate judge was reasonable and involved no ill will. Here, the officer's on-the-scene assessment established probable cause to arrest Borden following a witness' 911 call to report a shooting and when the police responded to the call, there was a partially burnt Toyota Sequoia

with a body inside, and another shooting victim found on the road nearby.  (Ct. R., Doc. 1, pp. 2-3.)  A witness had observed three black males standing near the Toyota, who were seen shooting at one of the men.  (*Id.*)  A Toyota Scion driven by Whitmore was stopped on Larue Road, and deputies apprehended two black males hiding under a bridge in the near vicinity.  (*Id.*, p. 3-4.)  Written testimony, such as Lorrain's affidavit is enough to establish probable cause.  (Ct. R., Doc. 1.)  Based on these facts, a reasonable person would believe that an offense has been committed and the individual arrested was the guilty party; therefore, the Court concludes that a separate probable cause hearing was not necessary.

## IV.

According to the Sixth Amendment in part, Borden is entitled to "the Assistance of Counsel for his defense." (U.S. Const. amend. VI.)  Borden claims ineffective assistance of counsel because Coats did not file a Fourth Amendment motion to suppress the physical evidence that was recovered during his alleged "unlawful" detention.  (Ct. R., Doc. 231, p. 7.)  On February 11, 2009, Coats filed a Motion to Suppress Statements.  (Ct. R., Doc. 72, p. 1.)  According to the court record, there was an advertising logo obstructing the text so the Court allowed Coats to file a second, corrected Motion to Suppress Statements on February 12, 2009.  (Ct. R., Doc. 75, p. 1.)  Coats asked the Court in this motion to prevent the United States from using any statements made by Borden while he was in police custody on October 9, 2008, and October 10, 2008.  (*Id.*)  Coats amended the Motion to Suppress Statement to a Motion to Suppress Statements and Physical Evidence.  (Ct. R., Doc. 99, p. 1.)  In this amended motion, Coats argued that because Borden was not brought before a federal magistrate judge, the evidence found on October 8, 9, and 10, 2008, should be suppressed.  (Ct. R., Doc. 99, p. 1-2.)  All of Borden's motions to suppress were denied on May 6, 2009.  (Ct. R., Doc. 123.)

Borden also asserts that during the trial, the only objection sustained was made by Coats to a reversible error. (Ct. R., Doc. 231, p. 8.) When a Court considers an ineffective assistance of counsel claim, it must apply a two-pronged test. (*Gochicoa v. Johnson*, 238 F.3d 278, 283 (5th Cir. 2000).) The first prong requires the defendant to show that counsel's performance fell below an objectively reasonable standard, and the second prong requires the defendant to affirmatively prove prejudice. (*Id.*) Prejudice exists when there was a reasonable probability that but for counsel's unprofessional errors, the outcome of the proceeding would have been different. (*Id.*) Borden has not claimed that his counsel failed to make objections, but that only one of the objections was sustained. (Ct. R., Doc. 231, p. 7.) This is not a reflection on his counsel's performance, but it shows that the district judge has the discretion to sustain or overrule objections made by the parties. (*Atkins v. United States*, 240 F.2d 849, 852 (5th Cir. 1957).) Borden offers no evidence that if more objections had been sustained, the proceeding would have been different. (Ct. R., Doc. 231, p. 7.) Therefore, the Court concludes that Borden's ineffective assistance of counsel claims fail because Coats did not fall below an objectively reasonable standard since he did file a Motion to Suppress Statements and Physical Evidence, he knew a motion to suppress the physical evidence on October 11, 2008, would have been frivolous, and no prejudice existed because the district judge had the liberty to sustain or overrule objections.

V.

Borden asserts that his claims "represent a factual predicate that could not have been previously discovered through the exercise of due diligence." (Ct. R., Doc. 232, p. 1.) He also asserts that there was a lack of diligence in developing the factual basis of his claim; the "merits of the factual dispute were not resolved in the District Court hearings; and other such allegations.

(Ct. R., Doc. 232, p. 1-2.)  Borden is entitled to an evidentiary hearing only if it is necessary to admit evidence on an issue of fact.  (*United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983).)  The purpose of an evidentiary hearing is to present evidence that supports the petitioner's factual allegations, and if the evidence is proven, would justify the relief sought by the petitioner.  (*Id.*)  The factual allegations need to be "sufficiently definite, specific, detailed and non conjectural, to enable the court to conclude that a substantial claim is presented."  (*Id.*)  Factual allegations that are simply general or conclusional assertions, founded upon "mere suspicion or conjecture," will not meet the burden.  (*Id.*)  Borden does not meet this burden.  He stated that the "merits of the factual dispute" and the "material facts" were not properly developed.  (Ct. R., Doc. 232, p. 2.)  These factual allegations are not definite, specific or detailed in any way.  Because Borden has not offered any type of specific fact that would render an evidentiary hearing necessary, his motion is denied.

## Conclusion

The Court finds that there was no unreasonable delay in presenting Borden to the federal magistrate judge in this case.  Further, "[o]nce a defendant has been tried and convicted, delay in bringing him before a magistrate is not reason to set aside the conviction unless the defendant can show that he was prejudiced by the delay."  (*United States v. Bustamante-Saenz*, 894 F.2d 114, 120 (5th Cir. 1990).)  Borden provides no evidence that as a result of his delay, he was prejudiced.  The delay resulted from several factors, including a federal holiday.  There is no evidence that the delay had a coercive effect on any of Borden's statements or the evidence discovered; therefore, he was not prejudiced.  The Court also holds that Coats provided Borden with effective assistance of counsel at trial and before trial.  Furthermore, the Court finds that Borden's motion for an evidentiary hearing fails because he did not give specific factual

allegations that render the hearing necessary. The Court, therefore, concludes that there is no basis for federal habeas relief based on Borden's claims concerning presentment to the magistrate judge, ineffective assistance of counsel, and an evidentiary hearing. Finally, the Court concludes that any claims advanced in this petition that should be brought pursuant to 28 U.S.C. § 2254 should be dismissed without prejudice.

Borden has not demonstrated a "substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253(c)(2), and the Court finds that he is not entitled to a Certificate of Appealability [COA] on any of the claims asserted in his pleadings. It is, therefore,

ORDERED that Borden's motion to vacate [231] be, and is hereby, denied. It is further,

ORDERED that claims advanced in this petition which should be brought pursuant to 28 U.S.C. § 2254 are dismissed without prejudice. It is further,

ORDERED that Borden's motion for evidentiary hearing [232] be, and is hereby, denied. It is further,

ORDERED that Borden is not entitled to a certificate of appealability.

SO ORDERED AND ADJUDGED, this the 12th day of October, 2012.

*Walter J. Gex* III
UNITED STATES SENIOR DISTRICT JUDGE