IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                               CRIMINAL NO. 1:08cr130WJG-RHW-3
                                     CIVIL ACTION NO. 1:11cv423WJG

TORENDA WHITMORE,
 a/k/a Torenda Brooks,
 a/k/a Tory

O R D E R

THIS CAUSE comes before the Court on the motion [235] filed by Defendant Torenda Whitmore [Whitmore] to vacate her conviction pursuant to 28 U.S.C. § 2255. After due consideration of the record in this cause, the Court finds as follows.

Whitmore contends that her constitutional rights were violated when she was offered a plea bargain before the trial in this matter which would result in a sentence of 18 months imprisonment for Whitmore in exchange for her testimony against her co-defendants. (Ct. R., Doc. 238, p. 4.) Whitmore argues that she was not adequately informed of the deadline for accepting the plea offer or when the offer expired, which she contends shows that her trial counsel, James L. Davis, III, [Davis], offered ineffective assistance of counsel. (*Id*.)

Jury trial began in the case on May 11, 2009. (Ct. R.) Following a motion hearing on Whitmore and her co-defendants' pending motions to suppress and a motion to extend plea deadline filed by Whitmore, an order was entered on April 20, 2009, which extended the plea

deadline for Whitmore to May 1, 2009.  (Text Only Order, April 20, 2009.)  Trial ended on May 15, 2009, when the jury found the Defendants Eddie Pugh and Barron Borden guilty on all counts, and Whitmore guilty of Counts Two and Three of the Indictment, which charged Whitmore with violations of 18 U.S.C. § 1201(a)(1).  (Ct. R., Docs. 136, 173.)  The convictions were affirmed following appeal.  *United States v. Whitmore*, 386 F. App'x 464 (5th Cir. 2010), *cert. denied* 131 S.Ct. 489.

Davis represented Whitmore in the underlying criminal proceedings.  (Ct. R., Doc. 239, p. 1.)  Whitmore had charges pending in both federal and state court in relation to the kidnapping and aggravated assault of Rahman Mogilles and homicide of Byron Kelsey McCoy.  (*Id.*)  Davis avers that he worked with the Assistant United States Attorney [AUSA] Jay Golden [Golden] and the District Attorney of Jackson County, Mississippi, Tony Lawrence in attempting to reach a plea agreement in the case.  (*Id.*)  A condition of any plea offered by federal or state prosecutors was that Whitmore would testify in the respective trials in this matter against her co-defendants, according to Davis.  (*Id.*)

Davis stated that he contacted Whitmore on a number of occasions to convey the plea offer, and Whitmore repeatedly refused to accept the offer.  (*Id.*, p. 2.)  On April 27, 2009, Davis avers that he met with Whitmore at the Jackson County jail during which time he went over all exhibits and attachments to a letter Davis composed to Whitmore discussing the charges pending against her and possible sentences she faced if she proceeded to trial on the matter.  (Ct. R., Doc. 239-1.)  He advised her in the letter to enter a guilty plea to the charges pending in federal court.  (*Id.*, pp. 3-4.)  Included with the letter are copies of the Indictment with Davis' predictions of the penalty for a conviction on each charge in the indictment; copies of United States Code Annotated sections outlining the crimes that Whitmore was charged with violating; a copy of a

sentencing table and definitions from the United States Sentencing Guidelines; a copy of pattern jury instructions from the Fifth Circuit Court of Appeals defining the crime of Aiding and Abetting; a copy of a tentative plea agreement prepared on April 15, 2009, and directed to Whitmore and Davis from AUSA Golden, with an accompanying cover letter; and a copy of notes made by Special Agent Jerome Lorrain with the Federal Bureau of Investigation following an interview with Whitmore on October 8, 2008. (Ct. R., Doc. 239-1, pp. 6-41.) Davis indicates that he visited Whitmore after she returned from her psychological evaluation. (Ct. R., Doc. 239, p. 4.)

Davis asserts that Whitmore "steadfastly maintained her innocence and would not plead to any charges." (Ct. R., Doc. 239, p. 3.) Davis argues that at no time prior to the federal trial did Whitmore indicate she wished to accept a plea agreement with the United States. (*Id.*) He further avers that had she mentioned to him at any time during the federal trial that she wanted to accept the plea agreement offered by the United States, he could have "immediately approached the U.S. Attorney's office to see if they would still stand behind their original offer to Ms. Whitmore." (*Id.*) Davis told Whitmore that the plea agreement was still open as of April 27, 2009, and she "refused to accept same." (*Id.*, p. 4.)

Golden submitted an affidavit in which he states that he was the lead prosecutor for the criminal case involving Whitmore which is the subject of this *habeas* petition. (Ct. R., Doc. 240.) Golden averred that he sent a letter to Davis conveying a proposed plea agreement on April 15, 2009. (Ct. R., Doc. 240-2.) That proposed agreement offered Whitmore the chance to enter a guilty plea to Count One of the Indictment, which was the conspiracy charge brought under 18 U.S.C. § 371. (Ct. R., Doc. 240, p. 2.) Golden stated that the maximum sentence under this statute would have been a period of incarceration of five years. (*Id.*) Golden avers that

under the facts of Whitmore's case and under the relevant sentencing guidelines an 18 month sentence would never have been recommended. (*Id*., p. 5.) Although the United States sent a plea offer to Whitmore, it was rejected. (*Id*.)

According to the United States, Whitmore's central claim in her petition was that she was not given enough time to respond to a plea agreement which, according to Whitmore, "offered 18 months in exchange for testifying against [her] co-defendants." (Ct. Rec., Doc. 241, p. 5, quoting Doc. 238, p. 5.) The United States argues that a plea offer of 18 months was never extended to Whitmore; the offer was for her to enter a guilty plea to Count One, the conspiracy count, which would cap her possible sentence to the maximum of five years as outlined in 18 U.S.C. § 371. (Ct. R., Doc. 241, pp. 5-6; Doc. 240, Exhs. B & C; Doc. 239-1, pp. 6-41.) The plea agreement was not contingent on Whitmore's testimony against her co-defendants, according to the United States. (Ct. R., Doc. 241, p. 6.)

Discussion

An attorney renders constitutionally ineffective assistance where his performance was deficient and prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A criminal defendant has the right to effective assistance of counsel during plea bargaining, and defense counsel has "the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye,* ___ U.S. ___, 132 S.Ct. 1399, 1408 (2012). Providing counsel to assist a defendant in deciding whether to plead guilty is " '[o]ne of the most precious applications of the Sixth Amendment.' " *United States v. Grammas,* 376 F.3d 433, 436 (5th Cir. 2004).

Essentially, Whitmore contends that Davis was ineffective in his representation of her during plea discussions with the United States. According to the affidavits submitted in this

case, the United States' offer was clearly communicated to Whitmore. "To establish an ineffective assistance claim, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's poor performance the result of the proceeding would have been different." *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012). Whitmore must establish that she was prejudiced as a result of Davis' performance. *Strickland,* 466 U.S. at 687–8. To establish prejudice, Whitmore must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"; that is, she would have entered a guilty plea and that guilty plea would have resulted in a lesser sentence. *Strickland,* 466 U.S. at 694. For the deficiency prong, counsel's performance is to be accorded " 'a heavy measure of deference.' " *Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1408 (2011); *see Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011), *cert. denied* 132 S.Ct. 1100 (2012).

There is no such evidence in this case. A motion to extend plea deadline was filed by Whitmore on April 16, 2009. (Ct. R., Doc. 103.) This motion followed the date that Golden averred he sent a letter to Davis conveying a proposed plea agreement for Whitmore. (Ct. R., Doc. 240-2.) Davis averred that he discussed the proposed plea agreement with Whitmore and she refused to accept the proffered plea. (Ct. R., Doc. 239-1, pp. 6-41.) At the close of trial, Whitmore moved for judgment of acquittal, arguing that circumstantial evidence was not sufficient for a conviction in her case. (Ct. R., Doc. 163, pp. 56-7.) Whitmore also argued that mere presence at the scene of a crime in close association with the principal, standing alone is not sufficient to allow a case to proceed to the jury in a case charging aiding and abetting of a crime. (*Id*., p. 57.) Whitmore also stated on the record that she agreed that her attorney would

rest in her case without putting on any proof and that she understood she had the right to testify in the case, should she so desire. (*Id*., pp. 61-2.) She rested her case without presenting any further evidence in the trial. (*Id*., p. 66.) None of this evidence supports Whitmore's claim that she would have entered a guilty plea prior to the entry of judgment of her guilt in this case.

Whitmore's claim fails because it is wholly speculative and conclusional. There are simply no facts to support the existence or the terms of a more favorable plea offer from the United States, as Whitmore alleges. As a result, the Court finds no merit to Whitmore's attempt to attack the professional competence of her attorney and further finds no reason to conclude that "but for" the performance and advice of Davis, Whitmore was convicted of a crime in which she had no involvement. The Court concludes that Whitmore fails to meet the first prong of *Strickland* in this claim, and has not shown that Davis' performance was deficient. Furthermore, Whitmore failed to make the requisite showing that her defense was prejudiced by their actions. *Strickland*, 466 U.S. at 694. Whitmore cannot establish how Davis was ineffective, other than to surmise that her sentence should be lesser. Accordingly, the Court finds no grounds for granting *habeas* relief on Whitmore's claims of ineffective assistance of counsel.

## Certificate of Appealability

The Court reviewed the merits of Whitmore's claims and found that the claims lack merit. An appeal may not be taken to the court of appeals from a final order in a *habeas corpus* proceeding "unless a circuit justice or judge issues a certificate of appealability" [COA]. 28 U.S.C. § 2253(c)(1)(A); *see Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c)

requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).

To warrant a grant of a COA as to claims when "a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Brown v. Thaler*, 684 F.3d 482, 487 (5th Cir. 2012). The Court concludes that reasonable jurists could not debate the denial of Whitmore's § 2255 motion on any grounds nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El,* 537 U.S. at 327. Accordingly, the Court finds that Whitmore is not entitled to a COA. The Court further finds no grounds for granting *habeas* relief on Whitmore's claims. It is therefore,

ORDERED that Whitmore's motion to vacate [235] the previously imposed sentence be, and is hereby, denied. It is further,

ORDERED that Whitmore is not entitled to a certificate of appealability. It is further,

ORDERED that this cause be dismissed with prejudice.

SO ORDERED, this the 12th day of October, 2012.

*Walter J. Gex* III
UNITED STATES SENIOR DISTRICT JUDGE